UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Bethany Eleese Eden a/k/a Witlee Ethan, | ) | Case No. 21-02032-hb |
| | ) | |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY/MOTION TO LIFT STAY FOR ORDER ALLOWING JEFFREY MUNDY TO PROCEED WITH NORTH CAROLINA STATE COURT LITIGATION; AND OBJECTION TO MOTION FOR MANDATORY OR PERMISSIVE ABSTENTION**

The Debtor Bethany Eleese Eden a/k/a Witlee Ethan ("Debtor"), through her undersigned counsel, hereby objects to the Motion for Relief from Automatic Stay/Motion to Lift Stay For Order Allowing Jeffrey Mundy to Proceed with North Carolina State Court Litigation; Motion for Mandatory or Permissive Abstention (the "Motion").

The Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code on August 2, 2021 (the "Petition Date"). Jeffrey Mundy ("Movant") seeks relief from stay to pursue a state court lawsuit against the Debtor which was initiated on May 28, 2021 in North Carolina (the "State Court Action"). Movant also requests that this Court abstain from hearing the issues presented in the State Court Action. For the foregoing reasons, the Movant's Motion should be denied.

### I.     RELIEF FROM STAY SHOULD BE DENIED

The basis of the underlying State Court Action is an allegation by the Movant that he lost his job because the Debtor accused him of rape. He is seeking damages for defamation, malicious interference with contract, and violation of North Carolina's Unfair and Deceptive Trade Practices

Act "NCUTPA").[1] The reason given for Movant's request for relief from stay is "for the limited purpose of disposing of and/or liquidating Movant's pending claims." (Motion at p. 5.)

There has been no action initiated in this case to deny the Debtor's discharge pursuant to 11 U.S.C. § 727, and the time for such an objection to discharge expired on November 1, 2021. Unless the disputed debt to Movant has been excepted from discharge, there is no reason for this claim to be liquidated. *See In re Salinas*, C/A No. 06-01150-DD, p. 7-8 (Bankr. D.S.C. Aug. 3, 2006) (no need to litigate, and relief from stay will not be granted as to state court action, if debtor is entitled to discharge).

The Movant has not initiated any action to except his disputed debt from the Debtor's discharge. In the Movant's 10-page single-spaced motion, there is only one sentence that even mentions any issue involving the Debtor's discharge in this case. (*See* Motion at p. 7.) There, the Movant opines that in the *Salinas* case "the Court was unable to discern whether the claims would have any impact on dischargeability." (Motion at p. 7.) Movant then posits that, as to the NCUTPA claim, "whether Debtor secured Movant's termination by fraud and/or material misrepresentations may impact dischargeability." (Motion at p. 7.) However, the Movant disregards the fact that in the *Salinas* case, the United States Trustee had objected to the debtor's discharge before relief from stay was requested. *See Salinas* at p. 4. Likewise, in the *Keane* case cited by Movant, there was a pending dischargeability complaint. *See In re Keane*, 2003 WL 22794551 (Bankr. E.D.Va. 2003). Unlike these cases relied upon by Movant, the Debtor's discharge has not been questioned or challenged in the case at bar.

There is no cause to lift the stay. In *Salinas*, the Court stated: "Normally, since this is a no

---

[1] In addition to a general denial regarding the Movant's allegations, Debtor asserts truth as a defense to the defamation claim, categorically denies the allegations as to malicious interference with contract, and disputes that the allegations as to the NCUTPA state a claim for which relief may be granted.

asset chapter 7 case and it appears that the claim is pre-petition, there would be no need to litigate the claim in state court and the debt would be discharged. In such a case the stay would not be lifted." *Salinas* at p. 7. The case at bar is factually identical to what the Court in *Salinas* described to be the normal result when discharge has not been contested: This is a no asset chapter 7 case, the Movant's claim is pre-petition, and the Movant's claims will be subject to the Debtor's discharge. Therefore, there is no reason to liquidate the Movant's claims, and no reason to lift the stay to do so.

Moreover, permitting the claims to proceed in North Carolina will not promote judicial economy. Even if it were necessary to determine if the Debtor is liable to the Movant and in what amount, it would be much more efficient to hear those claims in the Bankruptcy Court where the matter can proceed efficiently to judgment. If the claim is resumed in North Carolina, the Debtor will move for prompt dismissal pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure on the grounds that North Carolina does not have personal jurisdiction over her.

The Movant's State Court Action erroneously and inaccurately asserts that the Debtor is a resident of North Carolina. The Debtor is a resident of South Carolina, and was a resident of South Carolina at all times referenced in the Movant's State Court Action. The Debtor's only contact with anyone at NASB (defined in the Motion) was communication between the Debtor while located in South Carolina, and NASB's Headquarters located in Georgia. *See* Affidavit, attached as **Exhibit A**. The Debtor is not a natural person domiciled and present within the State of North Carolina, does not engage in substantial activity within North Carolina, and the actions complained of did not occur in North Carolina. For these and other reasons, North Carolina courts do not have personal jurisdiction over the Debtor in connection with the State Court Action. *See* N.C. Gen. Stat. § 1-75.4 (listing circumstances which confer personal jurisdiction to a court in North

Carolina).

Relief from stay will be highly prejudicial to the Debtor. The primary reason the Debtor filed this bankruptcy case is because the Movant sued her in North Carolina, and she could not afford to pay a North Carolina attorney to challenge the personal jurisdiction, or to address the merits of the disputed claims. (Affidavit ¶ 7, **Exhibit A**.) In addition, the Debtor has experienced trauma from events that transpired between the Debtor and Movant. (*Id.* ¶ 8.) The bankruptcy case was filed to protect the Debtor from the Movant's aggressive proceedings, which the Debtor believes are being pursued to bully, harass, and intimidate her.

## II.     ABSTENTION IS NOT WARRANTED OR APPROPRIATE

At the outset, Debtor notes that no proceeding has been brought to request that this Court hear the matters that are the subject of the State Court Action, so it does not appear that the Movant's request to abstain is ripe. Notwithstanding this observation, the Debtor disputes that abstention is appropriate in this case.

The doctrine of abstention is an exception to the otherwise "strict duty" of the federal courts "to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L. Ed. 2d 1 (1996). The issues to be decided in the State Court Action are related to the Debtor's bankruptcy case and the discharge injunction that the Debtor anticipates will be entered in this case.[2] Thus, the State Court Action involves core proceedings. The term "core" should be construed broadly. *See In re Joe Gibson's Auto World, Inc.*, 416 B.R. 469, 475 (Bankr. D.S.C. 2009) (citations omitted); *see also* 28 U.S.C. § 157(b)(2)(O) (proceedings affecting the adjustment of the debtor-creditor relationship; in this case, whether Movant is a creditor of Debtor). Therefore, the doctrine of mandatory abstention

---

[2] Upon entry of an order of discharge in this case which does not except the Movant's claims, any action that might be ongoing related to the State Court Action will be in violation of the discharge injunction.

does not apply. Moreover, one of the requirements for mandatory abstention is that the action can be timely adjudicated in state court. *See In re Foxwood Hills Property Owners Association, Inc.*, 2021 WL 1812668 (Bankr. D.S.C. May 5, 2021). As previously noted, the State Court Action was brought in North Carolina, which does not have personal jurisdiction over the Debtor. The action cannot be adjudicated timely in North Carolina, as it was brought in an improper forum. Mandatory abstention is not applicable.

Nor is permissive abstention appropriate in this case. "There is a presumption in favor of the exercise of federal jurisdiction and against abstention." *In re Freeway Foods of Greensboro, Inc.*, 449 B.R. 860, 879 (Bankr. M.D.N.C. 2011) (citing *Rahl v. Bande*, 316 B.R. 127, 135 (S.D.N.Y. 2004)). "A court should not permissively abstain when duplicative and wasteful motion practice and discovery would proceed separately in different courts." *Id.* (citing *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 317 (S.D.N.Y. 2003)). Keeping the proceeding within this Court would be the most efficient in the administration of the debtor's estate as the only reason any issue in the State Court Action might have to be liquidated is if the matter is excepted from the Debtor's discharge, which itself is a matter ultimately to be determined by this Court. *See In re Dambowsky*, 526 B.R. 590 (Bankr. M.D.N.C. 2015).

WHEREFORE, the Debtor prays that this Court deny the Movant's request for stay relief. Relief from stay should not be granted to allow the State Court Action to proceed, as the Movant has not shown any cause for such relief. There is no action pending to deny the Debtor's discharge, and the only reason the Movant's disputed claims would need to be heard or liquidated is if they were not subject to a forthcoming discharge order. Further, the Movant's request for abstention by this Court should be denied, as any claim brought by the Movant is necessarily intertwined with the Debtor's bankruptcy case and the discharge that she seeks. Debtor requests that this Court

deny the Movant's Motion in its entirety, and for such other and further relief as this Court deems just and equitable.

November 15, 2021                                      BARTON BRIMM, PA

                                                                         By: /s/ Christine E. Brimm
                                                                          Christine E. Brimm, #6313
                                                                          Brianna J. Morrison, #13392
                                                                          Attorneys for the Debtor
                                                                          P.O. Box 14805
                                                                          Myrtle Beach, SC 29587
                                                                          cbrimm@bartonbrimm.com
                                                                          bmorrison@bartonbrimm.com
                                                                          Tele: (803) 256-6582

EXHBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Bethany Eleese Eden a/k/a Witlee Ethan,<br><br>Debtor. | Case No. 21-02032-hb<br><br>Chapter 7 |

### AFFIDAVIT OF BETHANY ELEESE EDEN

BETHANY ELEESE EDEN, being duly sworn say, states as follows:

1. I submit this Affidavit in support of my Objection to the Movant's Motion for Relief from Automatic Stay/Motion to Lift Stay for Order Allowing Jeffrey Mundy to Proceed with North Carolina State Court Litigation; and Objection to Motion for Mandatory or Permissive Abstention.

2. I am a current resident of South Carolina and have been a resident of South Carolina at all times since my first introduction to Jeff Mundy (the "Movant").

3. While I dispute the Movant's allegations regarding the statements made, the context, the purpose, the intention, and outcome of communications between myself and NASB Headquarters ("NASB"), I do acknowledge that I had communications with NASB.

4. For all communications between myself and NASB, I was physically located in South Carolina, and the communications were with NASB's offices located in Georgia.

5. None of the communications with NASB were made from the State of North Carolina, or to anyone in the State of North Carolina.

6. The primary reason I filed this bankruptcy case was because the Movant brought litigation against me in North Carolina.

7. I did not have the means to hire an attorney to challenge jurisdiction in North Carolina, or to challenge the case on the merits in North Carolina.

8. In addition, I have been slowly recovering from the trauma that I have felt from the actions of the Movant, and I was concerned that having to revisit the traumatizing events through the Movant's litigation would cause me further emotional distress and harm. This was another motivation for me to file bankruptcy.

9. It would be greatly prejudicial to me if stay is lifted to allow Movant to resume the litigation in North Carolina, because North Carolina does not have personal jurisdiction over me, the claims are without merit, and relief from stay would deny me the fresh start that the bankruptcy was intended to bring.

FURTHER AFFIANT SAYETH NOT!

*Bethany Eleese Eden*
Bethany Eleese Eden
a/k/a Witlee Ethan

SWORN AND SUBSCRIBED before me on this 13th day of Nov 2021

H. J. Desai
NOTARY PUBLIC FOR  S. Carolina  (state)
MY COMMISSION EXPIRES: 20th Sept 2022



# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Bethany Eleese Eden a/k/a Witlee Ethan, | ) | Case No. 21-02032-hb |
| | ) | |
| | ) | |
| Debtor. | ) | |

In the above-entitled proceeding, in which relief is sought by Jeffrey Mundy ("Movant") from the automatic stay provided by 11 U.S.C. § 362, I do hereby certify to the best of my knowledge the following:

(1) Nature of Movant's Interest. None.

(2) Brief Description of Security Agreement, copy attached (if applicable). None.

(3) Description of Property Encumbered by Stay (include serial number, lot and block number, etc.). None.

(4) Basis for Relief (for cause, property not necessary for reorganization, debtor has no equity, property not property of estate, etc.) include applicable subsection of 11 U.S.C. § 362). There is no basis for relief from stay.

(5) Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable). None.

(6) Valuation of Property, copy of Valuation attached (Appraisal, Blue Book, etc.): Not applicable.

Fair Market Value:_____

Senior Liens :_____

Movant's Lien: _____

Other Liens: _____
(Listed in order of priority)

Net Equity: _____

Source/Basis of Value: _____

(7) Amount of Debtor's Estimated Equity (using figures from paragraph 6, supra). Not applicable.

(8) Month and Year in Which First Direct Post-petition Payment Came Due to Movant (if applicable). Not applicable.

(9)(a) For Movant/Lienholder (if applicable): List or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied.[3]

---

[3] This requirement may not be met by the attachment of a payment history generated by the movant. Such attachment may be utilized as a supplement to a complete and detailed response to (9)(a) above, which should be shown on this certification.

(b) <u>For Objecting Party (if applicable): List or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made. Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection</u>. Not applicable.

(10) <u>Month and Year for Which Post-petition Account of Debtor(s) is Due as of the Date of this Motion</u>: Not applicable.

November 15, 2021                                    BARTON BRIMM, PA

                                                                By: <u>/s/ Christine E. Brimm</u>
Christine E. Brimm, #6313
Brianna J. Morrison, #13392
Attorneys for the Debtor
P.O. Box 14805
Myrtle Beach, SC 29587
cbrimm@bartonbrimm.com
bmorrison@bartonbrimm.com
Tele: (803) 256-6582

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Bethany Eleese Eden a/k/a Witlee Ethan, | ) | Case No. 21-02032-hb |
| | ) | |
| | ) | |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

I, Connie Fraser, hereby certify that on behalf of Christine E. Brimm, Attorney for Debtor, I served a copy of the **Debtor's Objection to Motion for Relief from Automatic Stay/Motion to Lift Stay for Order Allowing Jeffrey Mundy to Proceed with North Carolina State Court Litigation; and Objection to Motion for Mandatory or Permissive Abstention, filed November 15, 2021** on the parties below via First Class Mail on November 15, 2021.

Ty K. McTier, Esq.
TLG Law
2907 Providence Road, Suite 303
Charlotte, NC  28211

BARTON BRIMM, PA

BY: /s/ Connie Fraser
P.O. Box 14805
Myrtle Beach, SC  29587
TEL:  803.256.6582
FAX:  803.779.0267