OFFICE OF THE CLERK

# UNITED STATES BANKRUPTCY COURT

Laura A. Austin
Clerk of Court

DISTRICT OF SOUTH CAROLINA
J. BRATTON DAVIS UNITED STATES BANKRUPTCY COURTHOUSE
1100 LAUREL STREET
COLUMBIA, SOUTH CAROLINA 29201-2423

TELEPHONE (803)765-5436
www.scb.uscourts.gov

---

DATE:      January 6, 2022

TO:        Randy Skinner, Attorney
           For: Jeffrey Mundy
           300 N. Main St., Suite 201
           Greenville, SC 29601

           Christine Brimm, Attorney
           For: Bethany E. Eden
           PO Box 14805
           Myrtle Beach, SC 29587

           Janet B. Haigler, Chapter 7 Trustee
           PO Box 505
           Chapin, SC 29036

           Bethany E. Eden, Debtor
           6277-600 Carolina Commons Drive
           #361
           Fort Mill, SC 29707

RE:        Bethany Eleese Eden, 21-02032-HB


Pursuant to Federal Rule of Bankruptcy Procedure 8003, this letter is to notify you that a notice of appeal in the above-referenced case was filed in this Court on January 5, 2022.  A copy of that notice along with a copy of the judgment, order, or decree of this Court which has been appealed is included with this letter.  In deciding what action to take in response to this appeal, it may be helpful to review Part VIII of the Federal Rules of Bankruptcy Procedure, which governs the procedure on an appeal from a judgment, order, or decree of a bankruptcy court.

Federal Rule of Bankruptcy Procedure 8009 sets forth the procedure and deadlines for designating the record on appeal.  If you need to order transcripts, a Transcript Order Form AO435 is available through the Court's website, www.scb.uscourts.gov.

The record on appeal will be transmitted from this office to the Clerk of Court for the United States District Court for the District of South Carolina, upon completion, pursuant to Federal Rule of Bankruptcy Procedure 8010.  Parties to the appeal will receive notice once the record on appeal is received by the District Court.  Typically, an appeal and the associated record on appeal are transmitted

to the District Court within thirty (30) days from the final designation of the record on appeal and the receipt of any requested transcript.[1]

At the request of the Clerk of Court for the United States District Court for the District of South Carolina, parties to this appeal are hereby advised that any designation of the record must contain a statement as to whether or not there is, or ever has been, an appeal to the District Court in any <u>related case or adversary proceeding</u>.

Laura A. Austin, Clerk of Court
United States Bankruptcy Court

BY:_/s/ Brandon McAbee_____
    B. McAbee, Deputy Clerk

Enclosures

cc:    Jeffrey Mundy
       United States Trustee

---

[1] Transmittal may be delayed in certain instances beyond the control of the Court, such as where designations are voluminous or require the retrieval of archived documents.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:                                        Chapter 7

Bethany Eleese Eden
fka Bethany Lee Witz                          Case No. 21-02032-hb
aka Witlee Ethan

Address:
6277-600 Carolina Commons Dr., No. 361
Fort Mill, SC 29707

SSN / ITIN: xxx-xx-4978
                        Debtor

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):

   Jeffrey Mundy

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ❑ Plaintiff
   ❑ Defendant
   ❑ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ❑ Debtor

   ■ Creditor
   ❑ Trustee
   ❑ Other (describe) _____

## Part 2:  Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: ECF No. 27

2. State the date on which the judgment, order, or decree was entered: December 22, 2021

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Jeffrey Mundy        Attorney: Randy A. Skinner
                                         300 North Main Street, Suite 201
                                         Greenville, S.C. 29601
                                         864-232-2007

2. Party: Bethany Eden         Attorney: Christine E. Brimm
                                         PO Box 14805
                                         Myrtle Beach, S.C. 29587
                                         803-256-6582

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

■ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: January 5, 2021

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

Randy A. Skinner, Fed.Id. No.5412
300 North Main Street, Suite 201
Greenville, South Carolina 29601
864-232-2007

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| IN RE: | C/A No. 21-02032-HB |
|---|---|
| Bethany Eleese Eden, | Chapter 7 |
| Debtor(s). | **ORDER** |

**THIS MATTER** came before the Court for a hearing to consider the pleading filed by Ty K. McTier, counsel for Creditor Jeffrey Mundy, captioned *Motion for Relief from Automatic Stay/Motion to Lift Stay for Order Allowing Jeffrey Mundy to Proceed with North Carolina State Court Litigation; Motion for Mandatory or Permissive Abstention* ("Stay Motion").[1]  Christine E. Brimm, counsel for Debtor Bethany Eleese Eden, objected.[2]  Thereafter, Creditor's new/additional counsel, Randy A. Skinner, filed a *Motion to Amend Motion for Relief from Automatic Stay to Constitute an Adversary Proceeding Complaint to Deny Dischargeability, Convert the Motion to a Timely Filed Adversary Proceeding, and Relate Said Amendment Back to the Originally Filed Motion* ("Motion to Amend")[3] and Brimm responded.[4]  Only Brimm and Skinner attended the hearing and no party offered testimony or other evidence beyond what is found in the Court's records.

As the titles of the pleadings indicate, this decision turns on whether an untimely pleading challenging the discharge of a debt may relate back to a timely pleading that requested entirely different relief.  After a careful review, the Court makes the following findings of fact and

---

[1] ECF No. 15, filed Oct. 30, 2021.
[2] ECF No. 17, filed Nov. 15, 2021.
[3] ECF No. 18, filed Nov. 18, 2021.
[4] ECF No. 22, filed Nov. 30, 2021.

conclusions of law pursuant to Fed. R. Bankr. P. 7052,[5] and finds the Stay Motion and Motion to
Amend must be denied.

**PROCEDURAL BACKGROUND AND FINDINGS OF FACT**

Debtor filed a voluntary petition for Chapter 7 relief on August 2, 2021.  The Court issued
a Notice of Chapter 7 Bankruptcy Case (Official Form 309A) giving notice of the bankruptcy
filing, the automatic stay, and the deadline to initiate an action to object to discharge or except any
debt from discharge.  On September 1, 2021, the case was determined by the trustee to be a no-
asset case.

Prior to the bankruptcy, Creditor filed an action against Debtor on May 28, 2021, in the
North Carolina Superior Court ("State Court Litigation").[6] The State Court Litigation alleges
Debtor's actions and words resulted in damage to Creditor, including the loss of his job, and asserts
the following causes of action: defamation – slander *per se*; malicious interference with a contract;
unfair and deceptive trade practices in violation of the North Carolina Unfair and Deceptive Trade
Practices Act (N.C. Gen. Stat. § 75-1.1 *et seq.*); and punitive damages pursuant to N.C. Gen. Stat.
§ 1D-1 *et seq.*  Creditor also reserved his right to add libel claims following discovery.

Neither Creditor nor any party on Creditor's behalf was initially listed on Debtor's
scheduled liabilities or on the mailing matrix.[7]  Instead, Debtor's Schedule A/B listed claims
against Creditor and the State Court Litigation was disclosed on her Statement of Financial Affairs.
Creditor was not mailed notice of the deadline to except a debt from discharge, but Brimm
informed Creditor's State Court Litigation counsel of the filing by email on the petition date and

---

[5] Made applicable to this contested matter by Fed. R. Bankr. P. 9014.
[6] *Jeffrey Mundy v. Bethany Lee Witz (a/k/a "Witlee Ethan")*, C/A No. 21-CVS-8805 (Mecklenburg Cnty., N.C.).
[7] Debtor filed an Amended Schedule E/F listing Creditor as having a disputed, unliquidated claim, added McTier,
Skinner, and Creditor's State Court Litigation counsel to the list of others to be notified, and added the same to the
mailing matrix. (ECF No. 25, filed Dec. 15, 2021).

provided the case number.  The State Court Litigation was stayed by the bankruptcy filing and

Creditor first made an appearance in the bankruptcy case on October 30, 2021, when McTier filed

the Stay Motion.

Attorneys appearing in this Court electronically file pleadings on the docket, select from

applicable events to categorize the type of relief requested, and self-schedule hearings for certain

pleadings.[8]  McTier captioned this Stay Motion with only the Chapter 7 case caption, identified no

"Defendant," titled the pleading as indicated above, and filed it under the category relating to relief

from the automatic stay of 11 U.S.C. § 362, immediately resulting in the following docket entry:

| | | |
|---|---|---|
| | 15 | Motion for Relief from Stay with Certification of Facts, Hearing Notice and Certificate of Service Filed by Ty McTier of Tlg Law F/K/A Redding & Jones, PLLC on behalf of Jeffrey Mundy. Date Served 10/30/2021. Last day for objections is 11/15/2021. Hearing scheduled for 11/30/2021 at 04:00 PM at Columbia (DD). (Attachments: # 1 Exhibit Exhibit 1 # 2 Exhibit Exhibit 2 # 3 Exhibit Exhibit 3 # 4 Proposed Order Proposed Order) (McTier, Ty) (Entered: 10/30/2021) |
| 10/30/2021 | | |

Although the docket information indicates an objection deadline of November 15, 2021,

and a hearing will be held on November 30, 2021, nothing filed or served by McTier included any

pleading giving notice of such deadline and an opportunity to respond, and the hearing date entered

by McTier is not for an appropriate hearing date and time. The pleadings do not indicate that

McTier served a copy of the Stay Motion on any party.  Upon filing, the Court's filing system

transmits a Notice of Electronic Filing to certain parties who have appeared in the case, including

McTier and Brimm, but not the Debtor.[9]  Without an adequate cure, the Stay Motion's deficiencies

would likely have resulted in the Court striking the pleading or taking no further action thereon.[10]

---

[8] *See* SC LBR 4001-1, 5005-4(a) ("The electronic record is the official record of this Court"), 9013-3, and 9013-4.
[9] Motions for relief from stay must be served on the debtor. *See* Fed. R. Bankr. P. 4001(a)(1) ("A motion for relief from an automatic stay provided by the Code…shall be served…on such other entities as the court may direct."); SC LBR 9013-4, Ex. A (requiring motions for relief from stay to be served on the debtor).
[10] *See* Deficiency Notice (ECF No. 16, entered Nov. 9, 2021).

The Stay Motion repeats factual allegations Creditor asserted in the State Court Litigation and attaches the complaint and related documents filed there.  It states, "because *all* of the issues involved in the pending state court litigation depend exclusively on state law, the expertise of the bankruptcy court is wholly unnecessary." ECF No. 15 at 6 (emphasis in original).  The Stay Motion asserts:

> Here, there would most certainly be a greater interference with the bankruptcy case if relief from the stay is not granted because Movant would be forced to file an adversary complaint to liquidate his claims and essentially restart the litigation process from scratch, only to have to take the findings of fact and conclusions of law back to the district court for review. Even though the State Court Action has not progressed significantly, if that were the case, it is likely the estate would have to remain open for a longer period.

*Id.*  An accompanying proposed order submitted by McTier summarizes the requested relief:

> **THIS CAUSE** coming before the presiding judge pursuant to Jeffrey Mundy's Motion to Lift Stay (the "Motion") under Bankruptcy Code, 28 U.S.C. § 1334(c)(1) and (2) and Rule 4001 of the Federal Rules of Bankruptcy. Based on the Motion the Court finds the following:
>
> (1) The expertise of a bankruptcy court is not needed;
>
> (2) Granting relief from the Stay will promote judicial economy;
>
> (3) The bankruptcy estate will be properly protected in lifting the Stay;
>
> Therefore, the motion to lift stay is GRANTED.

ECF No. 15-4.  The substance of the pleading clearly states Creditor's factual and legal position that relief from stay should be granted or the Court should abstain to allow the claim to be liquidated in state court. The Stay Motion does not, in form or substance, ask this Court to determine any debt is excepted from discharge.

Factors not addressed in the Stay Motion – but stated by Brimm in defense – demonstrate the relief requested is untenable.  As Brimm points out, this is a no-asset case resulting in no distribution to creditors on account of any claim,[11] the deadline to file an action to except any debt

---

[11] *See* ECF No. 14, filed Sept. 1, 2021.

4

from discharge passed on November 1, 2021 (two days after the Stay Motion was filed), and

Debtor is due a discharge of this and other debts as no timely, adequate challenge was filed.

On November 18, 2021, Skinner filed the Motion to Amend, arguing McTier's Stay Motion

was a timely action to except a debt from discharge under § 523(a)(6), and asking the Court to

convert the Stay Motion to an adversary proceeding and relate the subsequent pleading back to the

date the Stay Motion was filed.  The substance of Skinner's argument can be summarized by the

following statement in the Motion to Amend:

> The Movant has pursued his judicial remedies by filing a Motion prior to the
> Discharge Bar Date informing the debtor and this Court that he is questioning the
> discharge of his claims in this bankruptcy case based on allegations of defamation
> and malicious interference with a contract. The debtor will suffer no prejudice from
> this amendment as she has already responded that the Motion was insufficient to
> challenge discharge of the debt on November 15, 2021.

ECF No. 18 at 5.  Should the Court find the Stay Motion deficient to constitute a complaint to

except a debt from discharge, Skinner asserts the deadline under Fed. R. Bankr. P. 4007(c) should

be equitably tolled.

The Court on occasion is called upon to interpret imprecise *pro se* pleadings and determine

the filer's intended request.  If a *pro se* party files a document that is deficient or subject to

interpretation, the assigned judge may review to determine the exact nature of the requested relief

before the pleading is placed on the docket.  However, attorneys admitted to practice in this Court

under Local Civ. Rule 83.I.03 and SC LBR 2090-1 must file pleadings electronically on the Court's

docket pursuant to SC LBR 5005-4.  Operating Order 21-02 provides "[a]ny Participant who fails

to correctly file a document, files a document using an incorrect case and/or proceeding number,

files an unreadable or inaccessible document image, or files a document in an incorrect case or

proceeding shall have an affirmative duty to immediately file appropriate motions for the Court to consider and remedy issues resulting therefrom."[12]

The electronic filing process allows an attorney to initiate a proceeding to determine the dischargeability of debt.  During the filing process, an adversary proceeding is indicated by the attorney for such actions and is a separate lawsuit and case file that exists independently of a bankruptcy case.  The adversary proceeding is subject to different rules and procedures and is similar to an action initiated in any other court by the filing of a pleading in the form of a complaint. When initiating such action, the filer designates applicable code sections or the nature of the proceeding[13] and captions the case differently, a new case number and docket are created,[14] and relevant rules are invoked.[15]  Any required fee is paid[16] and the Court issues a summons for the plaintiff to serve with the pleading pursuant to Fed. R. Bankr. P. 7004.  Considering these rules and procedures, the Court cannot find as a fact that the manner and form in which the Stay Motion was filed provided any notice to Debtor or Brimm that Creditor intended an action to determine the dischargeability of a debt under any subsection of § 523.

---

[12] "Participant" is defined in that order as "[a]ttorneys admitted to practice before and in good standing with the United States District Court and *pro hac vice* admittees, limited registrants, bankruptcy trustees, and others as authorized by this Court."  SC LBR 9011-1(a) requires:
> Attorneys admitted to practice pursuant to SC LBR 2090-1, prior to appearing in a matter or submitting a filing with the Court, must possess a working knowledge of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the local rules, local administrative and operating orders, Chambers Guidelines, and the applicable local rules of the United States District Court.

[13] An adversary proceeding filed by an attorney is usually accompanied by Official Form 1040, which aids in clearly identifying the type of action, the legal authorities relied upon, the parties, related proceedings, and other information giving the defendant notice of the claims against him and their legal and factual grounds.

[14] For example, such actions are typically Creditor-Plaintiff v. Debtor-Defendant, rather than a caption bearing only the debtor's name.  Though such a proceeding is linked to the main bankruptcy case, it has its own docket, docket entries, and notice parties.  Often the debtor's counsel is not obligated to and does not represent the debtor if he/she is a named party in such proceeding. *See* SC LBR 9011-1(b).

[15] *See* Fed. R. Bankr. P. 7001-7087.

[16] *See* Fed. R. Bankr. P. 9002(1) ("'Action' or 'civil action' means", *inter alia*, "an adversary proceeding"); 28 U.S.C. § 1914 ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350").

Evaluating the substance of the Stay Motion, it cites various authorities but does not mention § 523 or the language thereof.  Creditor asserts the Stay Motion gave Debtor and/or Brimm notice "informing the debtor and this Court that [Creditor] is questioning the discharge of his claims in this bankruptcy case based on allegations of defamation and malicious interference with a contract." ECF No. 18 at 5.  In support, Creditor points to one line in the Stay Motion: "whether Debtor secured Movant's termination by fraud and/or material misrepresentations may impact dischargeability." ECF No. 15 at 7.  This language followed legal analysis of a claim against Debtor under the North Carolina Unfair and Deceptive Trade Practices Act, noting that fraud constitutes a *per se* violation thereof.  The Motion to Amend now attempts to use this anemic comment to assert adequate notice of a challenge to the dischargeability of a debt under § 523(a)(6).[17]  Reading the Stay Motion as a whole, this statement is inadequate to give notice of a challenge to the discharge of any debt.  Further, it references fraud theories not applicable here.[18] Among the 44 pages of the Stay Motion and its attachments, the word "dischargeability" appears only once more in the discussion of a case, but that reference read in context cannot reasonably be interpreted as an action to except any debt from discharge. *See id.*  After a careful review of the substance of the Stay Motion, the Court finds that it does not demand nor adequately discuss a challenge to the discharge of any debt.  There is nothing in the form or substance of the Stay Motion to indicate Creditor intended to request that any debt be excepted from discharge.

---

[17] Section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity."
[18] Sections 523(a)(2) and (4), which use the term "fraud," are set forth below.

<u>CONCLUSIONS OF LAW</u>

I.    NO TIMELY CHALLENGE TO DISCHARGE OF DEBT WAS FILED AND RELATION BACK
      IS NOT WARRANTED

"One of the 'main purposes' of the federal bankruptcy system is 'to aid the unfortunate

debtor by giving him a fresh start in life, free from debts, except of a certain character.'" *Lamar,*

*Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1758, 201 L. Ed. 2d 102 (2018) (quoting

*Stellwagen v. Clum*, 245 U.S. 605, 617 (1918)).  "To that end, the Bankruptcy Code contains broad

provisions for the discharge of debts, subject to exceptions." *Id.*  Categories of debts excepted from

discharge are set forth in § 523(a)(1)-(19).  Among those are any debt:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit,
>     to the extent obtained by—
>     (A) false pretenses, a false representation, or actual fraud, other than a statement
>         respecting the debtor's or an insider's financial condition;
>     (B) use of a statement in writing—
>         (i)  that is materially false;
>         (ii) respecting the debtor's or an insider's financial condition;
>         (iii) on which the creditor to whom the debtor is liable for such money,
>               property, services, or credit reasonably relied; and
>         (iv) that the debtor caused to be made or published with intent to deceive;
> . . . .
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or
>     larceny; [or]
> . . . .
> (6) for willful and malicious injury by the debtor to another entity or to the property
>     of another entity[.]

11 U.S.C. § 523(a)(2), (4), (6).  The plain language of § 523(a)(2) and (4) indicate they are not

relevant here.  Creditor's claims are pursuant to § 523(a)(6), which is acknowledged in the Motion

to Amend.

Often no action is necessary on the part of a creditor to effectuate an exception to discharge

under § 523.  However, debts under § 523(a)(2), (4), and (6) are discharged unless a creditor acts.

11 U.S.C. § 523(c).  That action comes in the form of a proceeding challenging the discharge of

that debt, which must be filed within 60 days of the first date set for the meeting of creditors. Fed.

R. Bankr. P. 4007(c), 7001(6).  The Court may grant an extension on the motion of a party in

interest filed before the time has expired.  Fed. R. Bankr. P. 4007(c).  "A primary purpose of Rule

4007(c) is to encourage creditors to file their complaints speedily or yield them forever . . . Section

523(c) evidences Congressional intent that a debtor shall be discharged even from fraudulent debt

unless the creditor acts." *Wilkerson Fuel, Inc. v. Elliott*, 415 B.R. 214, 221 (D.S.C. 2009)

(quotation marks and citations omitted).

An adversary proceeding to determine the dischargeability of a debt is a core proceeding,

28 U.S.C. § 157(b)(2)(I), and subject to rules often not applicable in the underlying bankruptcy

case, such as Fed. R. Civ. P. 8(a), 9, 12, and 15.  Even a timely-filed complaint to except a debt

from discharge is subject to and may be challenged under these rules.  Fed. R. Civ. P. 8(a) requires

pleadings stating a claim for relief contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the
> court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to
> relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or
> different types of relief.

"In the bankruptcy context, we construe a deficient pleading liberally, if the pleading

substantially complies with the requirements of a complaint by giving the debtor 'fair notice of

what the plaintiff's claim is and the grounds upon which it rests.'" *Dominguez v. Miller (In re*

*Dominguez)*, 51 F.3d 1502, 1508 (9th Cir. 1995) (quoting *Classic Auto Refinishing, Inc. v. Marino*

*(In re Marino)*, 37 F.3d 1354, 1357 (9th Cir. 1994)).  "However, the policy of construing pleadings

liberally does not justify the conclusion that any document filed in a court giving some notice of a

claim satisfies the requirements of the Federal Rules." *Marino*, 37 F.3d at 1357.  "[N]otice of the

nature of the relief claimed is the primary criterion in determining whether a deficient pleading

constitutes a complaint under Rule 7008." *Dominguez*, 51 F.3d at 1509 (citing *Marino*, 37 F.3d at 1357-58).

      "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B).  Relation back is permitted "if the new claim arises from the same conduct, transaction, or occurrence as the original claim." *Dominguez*, 51 F.3d at 1510 (quotation marks and citation omitted).  Courts have held that a timely, deficient pleading may constitute a complaint seeking to except a debt from discharge to allow an untimely, sufficient pleading to relate back.  Generally, the timely but deficient pleading must set forth the factual allegations and legal authority showing the pleader is clearly seeking to except the claim from discharge but merely failed to plead properly. *See Beem v. Ferguson*, 713 F. App'x. 974 (11th Cir. 2018) (complaint related back to timely "Motion to Dismiss or for Determination of Non-Dischargeability of His Debt" that requested an order excepting the debt from discharge, set forth extensive factual basis for requested relief, and cited § 523(a)(6)); *Louviere v. Thompson (In re Thompson)*, 572 B.R. 638 (Bankr. S.D. Tex. 2017) (complaint related back to timely pleadings that set forth detailed factual allegations as to why the debt was incurred through fraud, asserted the debt should be excepted from discharge, and cited dischargeability provisions); *Castillo-Gonzales v. Bey (In re Bey)*, C/A No. 1:13-bk-14661-MT, Adv. Pro. No. 1:14-ap-01027-MT, 2014 WL 4071042 (Bankr. C.D. Cal. Aug. 14, 2014) (complaint related back to a timely third-party complaint filed in main bankruptcy case that put the debtor on notice the creditor was asserting the debt was excepted from discharge under § 523(a)(6).  If the initial pleading does not provide the debtor adequate notice the creditor is asserting a claim for exception to discharge, then relation back of the subsequent pleading is not permissible. *See*

*Marino*, 37 F.3d 1354 (complaint did not relate back to timely "Opposition to Sale" because it was not procedurally sufficient and did not demand a judgment that the debt was excepted from discharge); *Markus v. Gschwend (In re Markus)*, 313 F.3d 1146, 1150 (9th Cir. 2002) (complaint did not relate back to timely "Motion to Object to Debtors Discharge and Convert the Chapter 7 Case to Chapter 13" because, despite including the phrase "object to debtors discharge," the initial pleading did not request a judgment that the debt was excepted from discharge, cite legal authority for an exception to discharge, or set forth supporting factual allegations); *Bywaters v. Alhuneidi (In re Alhuneidi)*, C/A No. 21-40334, Adv. Pro. No. 21-04098, 2021 WL 4998917, at *4 (Bankr. E.D. Tex. Oct. 28, 2021) (complaint did not relate back to, among other things, timely motion to extend the deadline to file exception to discharge action because it only "insinuate[d] that based upon further discovery and investigation, [creditors] *may* decide to file a complaint." (emphasis in original)).

In *Wilkerson*, the creditor filed a motion for relief from stay arguing the movant was entitled to relief from stay because the debt at issue was incurred through the debtor's fraudulent actions and was excepted from discharge under § 523(a)(2). 415 B.R. at 219. Although filed as a motion under § 362, the pleading repeatedly stated the creditor's claim was "not dischargeable pursuant to the provisions of 11 U.S.C. § 523," and asserted cause to lift the stay existed because of "Debtor's fraudulent activity and Debtor's procurement of money, property[,] services through false pretenses, false representation or actual fraud. *See* 11 U.S.C. § 523(a)(2)." *Id.* at 219-20. It also attached a prepetition state court complaint that included allegations of fraud. *Id.* at 219. After the deadline to file an action under § 523(c), the creditor orally moved to amend the motion for relief from stay to constitute a complaint seeking to except the debt from discharge. *Id.* at 217. The undersigned denied that motion, finding the initial pleading insufficient. *Id.* The district court

reversed, holding that while the motion for relief from stay and its attachments were deficient in some respects, the content placed the debtor on notice the creditor was seeking to except the debt from discharge because it alleged the debt was incurred through fraud and cited § 523(a)(2). *Id.* at 220. This was bolstered by the debtor's response to the motion for relief from stay, which argued it was "not a proper motion/action to determine dischargeability of a claim," indicating debtor "understood that [creditor] was challenging the dischargeability of the claim, albeit in a deficient pleading." *Id.* (quotation marks omitted). As a result, the district court held the relation-back doctrine applied and granted the creditor leave to amend to fully comply with Fed. R. Civ. P. 8(a) and Fed. R. Bankr. P. 7008. *Id.*

This case resembles *Wilkerson* in some respects but departs considerably in the substance of the pleadings and degree to which the timely pleadings provided notice that the creditors were seeking to except their debts from discharge. The motion in *Wilkerson* contained many signs of a challenge to the dischargeability of a debt; this Stay Motion does not. The pleading in *Wilkerson* repeatedly asserted the debt was excepted from discharge under § 523 and provided the basis thereof, allowing it to meet the requirements of Fed. R. Civ. P. 8(a)(3) as "a demand for the relief sought . . ." That demand is lacking here and only a request for different relief was communicated.

The facts of this case are more aligned with *Marino* and *Markus*, where many of the factual allegations could support an exception to discharge action, but the debtor could not reasonably have been aware the creditor was asserting such a claim in the pleading in question. Read in the context of the entire Stay Motion, Creditor's inclusion of only "whether Debtor secured Movant's termination by fraud and/or material misrepresentations may impact dischargeability" in connection with his allegations against Debtor for fraud cannot reasonably be understood as a challenge to the discharge of a debt, and certainly is not notice of a challenge under § 523(a)(6)

12

"for willful and malicious injury by the debtor to another entity or to the property of another entity" that Creditor now attempts to pursue.

An experienced bankruptcy attorney may review the Stay Motion and understand that without a timely challenge under § 523, the relief is not viable.  However, that is Debtor's *defense* to the Stay Motion, not evidence of adequate notice of a § 523 challenge therein and such an understanding should not be conflated with adequate notice.  A review of the Stay Motion does not lead to the conclusion that Creditor intended to challenge the discharge of a debt in that pleading.  Accordingly, the Court finds the Stay Motion does not constitute a complaint to except a debt from discharge for which subsequent pleadings may relate back.

## II.    CREDITOR FAILED TO SHOW EQUITABLE TOLLING IS WARRANTED

The Court must also consider Creditor's request that the deadline be equitably tolled. "Generally, the time limitations set forth in the bankruptcy rules should be strictly enforced so that they may serve their dual purpose of ensuring swift administration of the bankruptcy estate, and allowing debtors a fresh start and a sense of finality and certainty in relief from financial distress as quickly as possible." *Calendario v. Pagan (In re Pagan)*, 282 B.R. 735, 738 (Bankr. D. Mass. 2002) (quotation marks and citation omitted).  "The deadlines also ensure due process by requiring prompt notification of any objections so that debtors may have ample time to prepare their answer and defense." *Id.* (citation omitted); *see also Alhuneidi*, 2021 WL 4998917, at *2 ("The Fifth Circuit has held that Fed. R. Bankr. P. 4004 and Fed. R. Bankr. P. 4007 should be strictly construed because the procedural rules reflect the overall goal of the bankruptcy process to provide individual debtors a fresh start." (quotation marks and citation omitted)); *Deere and Co. v. Grabowski (In re Grabowski)*, C/A No. 15-40381, Adv. Pro. No. 16-04000, 2016 WL 3884817, at *3 (Bankr. S.D. Ill. May 16, 2016) (equitable defenses such as equitable tolling "must be applied in a manner

13

consistent with the Bankruptcy Code and the manifest goals of Congress to resolve the matter of dischargeability promptly and definitively in order to ensure that the debtor receives a fresh start unobstructed by lingering doubts about the finality of the bankruptcy decree" (quotation marks and citation omitted)).

"Equitable tolling is 'a discretionary doctrine that turns on the facts and circumstances of a particular case.'" *Warfaa v. Ali*, 1 F.4th 289, 294 (4th Cir. 2021) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). It is a rare remedy that "allow[s] for exceptions to the strict enforcement of deadlines" and "restore[s] a claimant's right to review even though she otherwise would be time-barred." *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255, 136 S. Ct. 750, 755, 193 L. Ed. 2d 652 (2016) (quotation marks and citation omitted). As an extraordinary remedy, "litigants face a considerable burden to demonstrate that it applies." *Ali*, 1 F.4th at 294 (quoting *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015)). It is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* (quoting *Harris*, 209 F.3d at 330).

> Tolling is proper "where the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights," although the doctrine "does not lend itself to bright-line rules." *Harris*, 209 F.3d at 330 . . .The circumstances preventing a party from pursuing his or her rights must be "external to the party's own conduct." *Id.* For example, extraordinary circumstances have been found when parties lack access to the courts entirely. *See Chao v. Va. Dep't of Transp.*, 157 F. Supp.2d 681, 697 n.8 (E.D. Va. 2001), *aff'd in part, rev'd in part*, 291 F.3d 276 (observing that limited access to the courts during wartime is an extraordinary

14

circumstance).  Extraordinary circumstances may also exist when a plaintiff is "prevented from asserting [his or her] claims by some kind of wrongful conduct on the part of the defendant." *Harris*, 209 F.3d at 330.  In addition, we have found extraordinary circumstances when the statute of limitations ran after a party received a favorable (but later determined to be erroneous) administrative disposition of her claim. *See Nealon v. Stone*, 958 F.2d 584, 593 (4th Cir. 1992) (applying equitable tolling because the plaintiff "had no reason at [the time the statute ran] to doubt that the Army would follow the EEOC's determination").

*Wynne*, 792 F.3d at 477-78. "[E]quitable tolling must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Gayle*, 401 F.3d at 226 (internal quotation marks omitted).

"The deadline in Rule 4007(c) is not jurisdictional and does not preclude the bankruptcy court from exercising its equitable powers in extraordinary cases." *Wilkerson*, 415 B.R. at 221 (quotation marks and citation omitted)).  "To support a request for equitable tolling [of the Rule 4007(c) deadline], Creditors must show: (1) extraordinary circumstances; (2) beyond their control or external to their own conduct; (3) that prevented them from filing a complaint on time." *In re Novak*, 580 B.R. 175, 179 (Bankr. D.S.C. 2017) (citing *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)).  "Equitable tolling is appropriate where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period[.]" *Wilkerson*, 415 B.R. at 222 (quotation marks and citation omitted).  "In deeming equitable tolling to be appropriate in such circumstances, the Supreme Court has reasoned that tolling is justified because the defendant received timely notice of the plaintiff's claims, there was no resulting prejudice, and the plaintiff acted with diligence." *Aikens v. Ingram*, 524 F. App'x. 873, 880 (4th Cir. 2013) (citations omitted).

"Mistakes and misinterpretations of reasonably clear policy language do not amount to extraordinary circumstances.  Courts in this Circuit require more than an innocent mistake on the part of plaintiff and his attorney to warrant application of equitable tolling . . ." *Stafford v. Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan*, C/A No. 2:10-CV-01443-DCN, 2011 WL

4368534, at *5 (D.S.C. Sept. 19, 2011) (citing *Gayle*, 401 F.3d at 227); *see also Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96, 111 S. Ct. 453, 458, 112 L. Ed. 2d 435 (1990) (holding that equitable tolling did not apply to an untimely action under the Civil Rights Act where the attorney was out of the country when the right-to-sue letter arrived at his office and finding "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."); *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) ("Equitable tolling is not appropriate . . . where the claimant failed to exercise due diligence in preserving his legal rights." (quotation marks omitted)); *Harris*, 209 F.3d at 331 (holding that an attorney's misinterpretation of AEDPA's limitations period did not warrant equitable tolling).  "The party asserting equitable tolling bears the burden of proof, and equitable tolling should be applied sparingly." *In re Paterno*, C/A No. 14-80278, Adv. Pro. No. 15-9008, 2015 WL 5578620, at *3 (Bankr. M.D.N.C. Sept. 16, 2015) (citation omitted).

Creditor was not listed in Debtor's schedules or mailing matrix.  However, Creditor's counsel in the State Court Litigation received actual, timely notice that Debtor filed for bankruptcy. Creditor did not present any evidence that the lack of more formal notification impacted his ability to timely file a challenge to the discharge of the debt.  Creditor filed the Stay Motion before the deadline under Rule 4007(c), but offered no explanation or evidence regarding why he failed to include sufficient content to put Debtor on notice that a challenge to the dischargeability of debt was asserted, what relief McTier or Creditor intended to request in the Stay Motion, nor to explain why the Stay Motion was captioned and filed to communicate a request for different relief.

Although Debtor has not yet received a discharge, it is due and if she prevails in this matter Creditor's claimed debt will be included.  Creditor will be prejudiced if the deadline is not tolled because his claims will be disposed of by the discharge.  However, this is the precise scenario

contemplated by the Bankruptcy Code and Rules in providing the deadline to initiate such action because the intent is "to resolve the matter of dischargeability promptly and definitively in order to ensure that the debtor receives a fresh start unobstructed by lingering doubts about the finality of the bankruptcy decree." *Grabowski*, 2016 WL 3884817, at *3. It is a high hurdle for a party asserting the deadline should be equitably tolled and the mere fact that Creditor's debt will otherwise be discharged is insufficient to tip the scales in Creditor's favor.

After weighing the facts, considering the aim of the Bankruptcy Code and Rules to give debtors a fresh start free from concern about the finality of their discharge, and considering that equitable tolling should be applied sparingly, the Court finds the facts of this case are far weaker than those in *Wilkerson* and Creditor has not met his burden of proof to persuade the Court that equitable tolling should be applied. Creditor did not file a pleading during the requisite period that gave notice of any nondischargeability claims. The record indicates only garden variety excusable neglect in Creditor's failure to timely assert the debt should be excepted from discharge rather than any evidence of extraordinary circumstances to warrant the relief requested.

**IT IS, THEREFORE, ORDERED** that Creditor's Stay Motion and Motion to Amend are denied.

**FILED BY THE COURT**
**12/22/2021**



Chief US Bankruptcy Judge
District of South Carolina

Entered: 12/22/2021

17